# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL BONSLATER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| ) | Judge |
| CITY OF CHICAGO, and, CHICAGO POLICE ) | |
| OFFICER ALVAREZ JR., Star # 16131, ) | |
| OFFICER DE LEON, Star # 16360, and ) | |
| SERGEANT BROWN, Star #2235, ) | |
| Star #16360, Officer Star #2235, ) | |
| and the City of Chicago ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff, MICHAEL BONSLATER, by and through counsel, Jared S. Kosoglad, P.C., complaining of the Defendants, the City of Chicago, and Chicago Police Officers Alvarez, Jr. Star #16131, Officer De Leon Star #16360, and Sergeant Brown, Star #2235, and states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law that deprived Plaintiff of rights secured by the Constitution and laws of the United States.

1

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## PARTIES

3. PLAINTIFF MICHAEL BONSLATER ("Mr. Bonslater") is a citizen of the United States of America who resides in Chicago, Illinois.

4. DEFENDANTS Chicago Police Officers Alvarez, Jr. Star #16131, Officer De Leon, Star #16131, and Sergeant Brown, Star #2235 ("Individual Defendants"), were at the time of this occurrence, duly licensed police officers with the Chicago Police Department. At all times relevant to this Complaint, the Individual Defendants acted under color of law and within the scope of their employment with the Chicago Police Department and City of Chicago. They are sued in their individual capacity.

5. DEFENDANT City of Chicago is a municipal corporation under the laws of the State of Illinois and is the principal and employer of the Individual Defendants.

## FACTUAL ALLEGATIONS

6. On January 7, 2019, Plaintiff worked as a driver for the ride-sharing application UBER and stopped to get gas at the CITGO station located at or near 6700 S Cottage Grove Avenue in Chicago, Illinois.

7. An individual who worked at CITGO notified Chicago Police about other individuals causing a minor disturbance at the gas station. Multiple Chicago Police Officers responded to the request and engaged the unrelated individuals, including Defendant Brown.

8. Plaintiff observed the police/citizen encounter and began to record the event. While recording, Plaintiff was located a safe distance from the encounter and did nothing to obstruct the officers.

9. As Plaintiff recorded the encounter, Defendants Alvarez Jr. and De Leon arrived and initiated a confrontation with the Plaintiff.

10. Prior to the confrontation, Defendants Alvarez Jr. and De Leon lacked probable cause or reasonable suspicion to believe Plaintiff had committed, was committing, or was about to commit an offense.

11. At all times, Plaintiff had the permission of CITGO to be on the gas station property and acted lawfully in observing and recording Chicago Police Officers performing their public duties in a public forum.

12. Defendants Alvarez Jr. and De Leon confronted Plaintiff solely because he was in the act of recording other police officers and to prevent Plaintiff from making a record of the police performing their public duties in a public forum.

13. Defendants Alvarez Jr. and De Leon Star unlawfully ordered Plaintiff to move away from the gas station and stop recording their fellow Chicago Police Officers, even though Plaintiff was a customer and not engaged in any wrongdoing or other unlawful activity.

14. In response to the hostility of the Chicago Police, Plaintiff requested the presence of a sergeant.

15. Defendant Sergeant Brown approached and unlawfully ordered Plaintiff to leave the gas station immediately. Defendant Brown lacked any lawful authority to provide that order.

16. Before Plaintiff had any opportunity to respond, the Individual Defendants, acting together and in concert, arrested Plaintiff.

17. Plaintiff's arrest lacked probable cause or any other lawful basis.

18. Subsequent to Plaintiff's arrest, the Individual Defendants acting together and in concert, attempted to manufacture a trespassing charge against Plaintiff by attempting to coerce a person, who upon information and belief was a CITGO agent, to sign a baseless trespassing charge against Plaintiff. The individual refused to sign the baseless complaint.

19. As a direct and proximate cause of the Individual Defendants' unlawful conduct, Plaintiff suffered damages, including but not limited to lost time, lost freedom, emotional distress, and loss of his constitutional rights and his dignity.

**COUNT I: First Amendment- Retaliation**
**Against All Individual Defendants**

20. Plaintiff adopts and re-alleges the above paragraphs as though fully set forth herein.

21. Under the First Amendment of the U.S. Constitution, Plaintiff has a right to act as a citizen journalist and record the performance of public officers performing their duties in a public forum.

22. Furthermore, Plaintiff has the unfettered right to use his speech to request the presence of a Chicago Police sergeant during an encounter with officers.

23. Plaintiff's person was unlawfully seized by unlawful orders to move and leave the gas station, to which Plaintiff partially acquiesced. Plaintiff was further unlawfully seized by the unlawful handcuffing of his hands.

24. The unlawful seizures of Plaintiff were done in retaliation for Plaintiff's exercise of his First Amendment right to act as a citizen journalist to publicly record police officers performing their public duties in a public forum.

25. The retaliation arises as a result of a widespread prevailing mentality amongst Chicago Police Officers and the City of Chicago itself that the use of their police authority over the citizenry should not be subject to review and that police officers must protect each other by obstructing citizens from collecting, acquiring, and creating evidence of police misconduct.

26. The aforementioned actions of the Defendants were the direct and proximate cause of the Constitutional violations set forth above, and directly and proximately caused Plaintiff to suffer, without limitation, lost time, emotional distress, loss of liberty, and a deprivation of Plaintiff's constitutional rights and his dignity.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 Illegal Seizure
### Against All Defendants

27. Plaintiff adopts and re-alleges the above paragraphs as though fully set forth herein.

28. The actions of the defendants constituted a show of authority that restrained Plaintiff's liberty, and Plaintiff submitted to the Defendants' show of authority.

29. The Defendants detained Plaintiff without probable cause or any other lawful basis.

30. The Defendants lacked even a reasonable suspicion to stop Plaintiff.

31. The conduct of the Defendants was in violation of the Fourth Amendment to the United States Constitution.

32. The aforementioned actions of the Defendants were the direct and proximate cause of the Constitutional violations set forth above, and directly and proximately caused Plaintiff to

suffer, without limitation, lost time, emotional distress, loss of liberty, and a deprivation of Plaintiff's constitutional rights and his dignity.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III:745 ILCS 10/9-102 – Indemnification
### Against Defendant City of Chicago

33. Plaintiff adopts and re-alleges each of the foregoing paragraphs as if fully set forth herein.

34. Defendant City of Chicago is the employer of Defendant Officers.

35. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, City of Chicago be found liable for any judgment plaintiff obtains against said defendant, as well as attorneys' fees and costs awarded.

PLAINTIFF DEMANDS A TRIAL BY JURY pursuant to Fed. R. Civ. P. 38 on all issues so triable.

Dated: May 27, 2020

                                        Respectfully Submitted,

                                        MICHAEL BONSLATER

                                        By:    s/ Jared Kosoglad
                                        Plaintiff's Attorney
                                        Jared S. Kosoglad, P.C.
                                        223 W. Jackson, Suite 200
                                        Chicago, IL 60606
                                        T: 312-513-6000
                                        E: jared@jaredlaw.com